UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MEDMARC CASUALTY  :
INSURANCE COMPANY,
                               :
    Plaintiff,
                               :     CIVIL ACTION NO.
v.
                               :     1:06-CV-00773-MHS
THE REAGAN LAW GROUP, P.C.
and MARY KATHRYN REGAN,        :

    Defendants.                :

### ORDER

Presently before the Court is Stewart Title Guaranty Company's motion to intervene. For the reasons set forth below, the Court denies the motion.

Background

On April 3, 2006, plaintiff MedMarc Casualty Insurance Company ("MedMarc") filed this action against defendants The Reagan Law Group, P.C. and Mary Kathryn Reagan. According to the complaint, Mary Reagan filled out an application seeking renewal of her professional liability insurance, and based on this application MedMarc issued a professional liability insurance policy to

The Reagan Law Group, P.C. Beginning at least a year before Mary Reagan completed and signed the MedMarc insurance application, the complaint alleges that she engaged in fraudulent behavior including maintaining a negative balance in her trust fund account and siphoning money out of the trust account and paying it to her law firm.

Specifically, the complaint alleges that Mary Reagan was a title agent for Stewart Title Guaranty Company ("STGC") and that she refused to allow STGC to audit her files as provided in her agency agreement. Subsequently, STGC cancelled Mary Reagan's agency agreement and her authority to issue title insurance on their behalf. Despite this cancellation, Mary Reagan still refused to turn over her files and continued to issue Stewart Title insurance policies. Upon learning of the issuance of unauthorized policies, STGC filed a civil action in the Superior Court of Fulton County seeking injunctive relief to allow STGC to retrieve its files and bar Mary Reagan from further issuing insurance policies. Approximately ten days after STGC filed the lawsuit against Mary Reagan, she closed a real estate transaction and issued several checks from her trust account in connection with the closing. The checks were dishonored when the check holders presented them for payment. Thereafter, several of these individuals filed

complaints with the State Bar of Georgia seeking disciplinary action against Mary Reagan. Stephen Weizenecker, Mary Reagan's attorney, then contacted MedMarc and requested that they assist with the defense of the bar complaints under a provision of the MedMarc insurance policy.

The complaint also states that STGC has asserted a claim against Mary Reagan related to a transaction involving the financing of property owned by Road Show, LLC. In that case, STGC alleges that Mary Reagan closed the transaction wherein she conveyed a security interest in the name of Steven Smith even though she knew from a title examination that Road Show, LLC was vested with title to the property, not Steven Smith.

MedMarc alleges in the complaint that at the time she submitted her application for the MedMarc policy, Mary Reagan was aware of material facts and circumstances that should have reasonably been expected to give rise to professional liability claims against her and/or her law firm and failed to disclose this information to MedMarc. MedMarc seeks a recision of the insurance policy due to these material misrepresentations thereby relieving MedMarc of any obligation to provide a defense or coverage for certain claims. In the alternative,

MedMarc seeks a declaratory judgment that the claims asserted by STGC and other claims are excluded from coverage under the insurance policy.

STGC now moves to intervene in this matter, and MedMarc opposes this intervention.

Discussion

STGC moves to intervene pursuant to Fed. R. Civ. P. 24(a) and (b). STGC argues that it has an intervention of right pursuant to Rule 24(a) because it made a timely application to intervene; it has an interest in the insurance policy; STGC's interest will be impaired if MedMarc prevails in the instant action because then STGC would not be able to recover against the Reagan defendants; and the Reagan defendants inadequately represent STGC's interest. MedMarc argues that STGC economic interest in the insurance funds is not a legally protectable interest.

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." Georgia v. United States Army Corps. of Eng'rs, 302 F.3d

4

1242, 1249 (11th Cir. 2002). STGC argues that its interest lies in a specific monetary fund, the proceeds of the MedMarc insurance policy. However, a legally protectable interest "is something more than an economic interest." United States v. South Fla. Water Mgmt. Dist., 922 F.2d 704, 710 (11th Cir. 1991). SGTC relies on TIG Speciality Ins. Co. v. Financial Web.com, Inc. for the position that intervenors have a legally protectable interest in the insurance policy that the plaintiff seeks to have rescinded in the underlying suit. 208 F.R.D. 336 (M.D. Fla. 2002). However, TIG is not binding on this Court, and the court in TIG based its decision on cases from the Fourth and Third Circuits where the insurance proceeds were no longer speculative. See In re HealthSouth Corp. Ins. Litigation, 219 F.R.D. 688, 691-93 (N.D. Ala. 2004) (noting the distinction in TIG and that TIG was decided against the weight of Eleventh Circuit precedent). In this case, STGC is not a party to the MedMarc insurance policy. STGC's stake in this action is contingent upon first obtaining a judgment against Mary Reagan. Thus, STGC's interest in securing a pool of insurance money is not only economic but also theoretical. See Ace Am. Ins. Co. v. Paradise Divers, Inc., 216 F.R.D. 537, 539 (S.D. Fla. 2003). Therefore, the Court finds that STGC does not have a legally protectable interest in this matter and accordingly no intervention as a matter of

right. Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc., 425 F.3d 1308, 1311-12 (11th Cir. 2005).

Under permissive intervention of Rule 24(b), STGC argues that it is entitled to permissive intervention because there is a common question of law and fact between the underlying litigation and STGC's claim and no undue delay or prejudice would flow from granting intervention. MedMarc opposes STGC's intervention and argues that STGC's claims for negligence and malpractice against Mary Reagan have nothing to do with whether there is any coverage under the MedMarc insurance policy.

Under Rule 24(b), permissive intervention "is appropriate where a party's claim or defense and the main action have a question of law or fact in common and the intervention will not unduly prejudice or delay the adjudication of the rights of the original parties." United States Army Corps. of Eng'rs, 302 F.3d at 1250. The Court has the discretion to deny permissive intervention even if both of the requirements are met. Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989).

STGC contends that the common question of law and fact between this action and STGC's claim is the availability of coverage under the MedMarc insurance policy. MedMarc's claims against Mary Reagan in this matter revolve around whether there is coverage under the MedMarc insurance policy, a policy to which STGC is not a party. MedMarc alleges in its complaint that Mary Reagan made numerous false, fraudulent, and material misrepresentations on her insurance application. In seeking a recision of the insurance policy, MedMarc relies on Mary Reagan's false statements regarding voided checks and the management of her trust account, denying STGC access to audit her files, and other facts and circumstances unrelated to STGC. There is no common law or fact between MedMarc's recision claim and STGC's current action against Mary Reagan for negligence and malpractice regarding the real estate transaction involving Road Show, LLC. See Mt. Hawley Ins. Co., 425 F.3d at 1312.

In the alternative to its recision claim, MedMarc seeks a declaratory judgment that certain claims made under the MedMarc policy are excluded from coverage. One of these claims is the STGC claim regarding the real estate transaction involving Road Show, LLC. MedMarc alleges that the STGC claim is not covered under the MedMarc policy because it arises out of the issuance of

7

a title insurance policy and involves a title defect of which Mary Reagan was aware. Although this may have a common question of law or fact related to STGC's action against Mary Reagan, it is but only one part of MedMarc's claims. MedMarc does not exclusively rely on Mary Reagan's actions involving the Road Show, LLC transaction in support of its declaratory judgment. Instead, MedMarc alleges numerous other claims in support of excluding coverage under the insurance policy. Moreover, MedMarc seeks the declaratory judgment only in the alternative to its recision claim. Therefore, it is possible that the Court would never even reach the declaratory judgment issue should the Court find for MedMarc on its recision claim.

Finally, the Court finds that STGC's intervention would unduly prejudice and delay the resolution of this matter. Allowing intervention would inject collateral issues related to the Road Show, LLC transaction that are irrelevant to the recision issue that is at the core of this litigation. See In re HealthSouth Corp. Ins. Litigation, 219 F.R.D. at 694-95. Accordingly, the Court will not permit STGC to intervene pursuant to Rule 24(b).

AO 72A
(Rev.8/82)

Conclusion

For the foregoing reasons, the Court DENIES Stewart Title Guaranty Company's motion to intervene [#4].

IT IS SO ORDERED, this 11th day of September, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia